## Prudential Insurance Company of America v. Howard.

(Decided March 20, 1931.)

A. E. STRICKLETT for appellant.

E. R. RIVARD for appellee.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—Affirming.

The Prudential Insurance Company issued to the Louisville & Nashville Railroad Company a policy of group insurance, and also issued a certificate of insur-

ance to the employee. Ralph Howard, an employee of the railroad company, while thus insured, was on December 28, 1926, struck in the eye by a piece of steel and lost the sight of the eye. He brought this suit on November 19, 1929, to recover therefor, and, judgment having been rendered in his favor, the insurance company appeals.

A reversal is asked on these grounds: (1) Under the pleading the court should have instructed the jury peremptorily to find for the defendant, and should have so entered judgment notwithstanding the verdict. (2) The evidence is not sufficient to sustain the verdict.

■ The policy contained this provision:

"If any employee while in the employ of the employer and insured under this policy shall sustain a physical impairment, such as specified below, as a result directly and independently of all other causes of bodily injury, effected solely through external, violent and accidental means, and occurring within ninety (90) days of the accident, the company will pay to such employee the disability benefits hereinafter provided in addition to any other disability benefits under this policy, immediately upon receipt of due proof of such impairment."

When the plaintiff filed his petition he had only his certificate of insurance, which did not contain the above provision of the policy. The defendant filed answer setting out this provision of the policy and pleading that he did not lose his eye within ninety days after the accident. The plaintiff did not reply to the answer, but on the calling of the cause for trial filed an amended petition, setting out the provisions of the group policy and alleging that he lost the eye within ninety days after the accident. The defendant objected to the filing of the amended petition, but its objection was overruled, and it then filed an answer denying the allegations of the amended petition. While the paper should have been styled more appropriately "a reply," the fact that it was called an amended petition was not prejudicial to any substantial rights of the defendant, and, when the issues were thus made up, the court properly refused to give a peremptory instruction or to enter judgment for the defendant, on the ground that the plaintiff had not filed a reply denying the allegations of the answer, that the loss of the eye did not occur

within ninety days after the injury. The court has a discretion in allowing amendments to be filed, and it is thrice provided in the Code that no error of the court shall be ground for reversal here, unless prejudicial to the substantial rights of the adverse party. The case here was fairly tried on the issue as made by the parties, and the form in which the parties reached the issue prejudiced no substantial right of the defendant.

■ The objection that the evidence is not sufficient to warrant the judgment requires a statement of the proof. The only question in the case was whether the plaintiff lost the eye within ninety days after the accident. He testified, in brief, as follows: ''I was working on an airbrake, what they call a dirt collector, when a chip struck me in the corner of the right eye and knocked me blind. I couldn't see anything. Of course I could see dim light. I couldn't make out anything out of the eye. I had it bandaged up for almost a month. I discovered that I had lost the sight of the eye right from the time it happened. Dr. Heisel was doctoring my eye. He said my eye would get all right, which it never did and I didn't want to bring a settlement for the loss of the eye when he said there would be some recovery. I knew I couldn't see out of it; but still Dr. Heisel had some hopes, so he claimed. It was in April 1929 that he told me he couldn't do any more for it.'' Dr. Heisel testified in brief, thus: ''I found a marked hemorrhage in the front part of the eye. The history of it was that he was working on an air-brake and something struck him in the eye. I treated him practically a month. After the hemorrhage in the front part of the eye cleared up, in making an examination of the back part of the eye, I found he had a condition known as choroiditis (inflammation of the choroid) which does not recover but goes on to scar formation. That examination was made on January 15, 1927. I would say that the eye was materially damaged and beyond hope of recovery. On the examination I found a marked choroiditis, which was January 15, 1927.'' By these witnesses' testimony it was shown that Howard was knocked blind at the time of the accident, and that on January 15, 1927, choroiditis had developed and he had lost the use of his eye permanently.

While there is much in the evidence from which it may be inferred that Howard was slow to find out the condition of his eye and to assert any claim against the

 

company for the loss of the eye, the fact is that he is an ignorant man; cannot read and write and still had hopes that the sight would return. The jury saw and heard the witnesses, and the court cannot say that their verdict is palpably against the evidence.

Judgment affirmed.